UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Bureau of Consumer Financial
Protection,

        Plaintiff,

        v.

Citizens Bank, N.A.,

        Defendant.

Case No. _____

**COMPLAINT**

The Bureau of Consumer Financial Protection (Bureau) brings this action against Defendant Citizens Bank, N.A. (Citizens or the Bank) and alleges the following:

**INTRODUCTION**

1. The Bureau brings this action under the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5536(a), 5564(a), and the Truth in Lending Act (TILA), 15 U.S.C. §§ 1637, 1643, 1666, and its implementing Regulation Z, 12 C.F.R. Part 1026, for Citizens's violations of TILA, Regulation Z, and the CFPA.

2. At all times relevant to this Complaint, Citizens issued and serviced credit cards for consumers across the United States.

3. While servicing credit cards, Citizens failed to reasonably investigate and appropriately resolve billing error notices and claims of unauthorized use, failed to properly credit consumers' accounts when unauthorized use and billing errors occurred, and failed to provide credit counseling disclosures to consumers as required by Regulation Z.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action because it is brought under "Federal consumer financial law," 12 U.S.C. § 5564(a), presents a federal question, 28 U.S.C. § 1331, and is brought by an agency of the United States, 28 U.S.C. § 1345.

5. Venue is proper in this district because Citizens is located, resides, and is doing business here. 12 U.S.C. § 5564(f).

## PLAINTIFF

6. The Bureau is an independent agency of the United States Government. 12 U.S.C. § 5491(a). The Bureau is charged with enforcing Federal consumer financial laws. 12 U.S.C. §§ 5563, 5564.

7. The Bureau is authorized to initiate federal district court proceedings in its own name and through its own attorneys to address violations of Federal consumer financial law, including TILA and the CFPA. 12 U.S.C. § 5564(a)-(b).

## DEFENDANT

8. Citizens is a national banking association and a direct, wholly owned subsidiary of Citizens Financial Group, Inc., a bank holding company. Citizens and Citizens Financial Group, Inc. are headquartered in Providence, Rhode Island.

9. Citizens is a "covered person" pursuant to 12 U.S.C. § 5481(6)(A) because it offers and provides consumer financial products or services as defined under the CFPA, 12 U.S.C. § 5481(5). Among other consumer financial products and services, Citizens extends credit to consumers primarily for personal, family, or household purposes, and services the loans it provides to consumers, including acquiring, purchasing, selling, brokering, or other extensions of credit. 12 U.S.C. § 5481(15)(A)(i).

## FACTS

### Billing Error Notices and Unauthorized Use Claims

10. The Fair Credit Billing Act, enacted and incorporated into TILA in 1974, includes substantive protections for credit card users who have billing errors.

11. In order to qualify as a billing error notice, a consumer's communication to a creditor must: (1) be in writing; (2) be received by the creditor at the address specified on the periodic statement disclosures; (3) be received no later than 60 days after the creditor sent the first periodic statement reflecting the alleged billing error; (4) relate to specified categories of billing errors; (5) enable the creditor to identify the consumer's name and account; and (6) to the extent possible, provide details about the alleged error and the reasons why the consumer believes it was an error. *See* 12 C.F.R. § 1026.13(a)-(b). If a consumer files a billing error notice, a creditor is required to investigate the alleged error, send certain notifications to the consumer, and refund any amount found in error as well as any related charges that accrued. *See* 12 C.F.R. § 1026.13(c), (e), and (f).

12. TILA also contains protections for consumers who experience unauthorized use of their credit cards. TILA's implementing Regulation Z defines unauthorized use as "the use of a credit card by a person, other than the cardholder, who does not have actual, implied, or apparent authority for such use, and from which the cardholder receives no benefit." 12 C.F.R. § 1026.12(b)(1)(i).

13. When a card issuer receives a claim of unauthorized use, it is required to investigate the claim and refund the amount in question and any related charges if unauthorized use occurred. However, card issuers do not have to provide written acknowledgment or notifications in response to an unauthorized use claim and the

consumer refund provision allows consumers to be held liable for up to $50. 12 C.F.R. § 1026.12(b).

14. A claim of unauthorized use may also constitute a billing error notice if it meets Regulation Z's billing error notice requirements.

### Citizens Automatically Denied Claims Without an Affidavit

15. Since at least 2010 through June 2015, in numerous instances, Citizens denied consumers' unauthorized use claims and billing error notices because the consumers failed to return an affidavit required by the Bank (the Fraud Affidavit).

16. Citizens's process permitted Bank employees to require consumers to complete the Fraud Affidavit provided by the Bank, and automatically deny the claim if the consumer failed to do so.

17. The Fraud Affidavit states, *inter alia*, that the consumer "agree[s] to appear as a witness in Court, and to testify to the fact stated in this Affidavit . . . ." The Fraud Affidavit requires notarization, and includes a notarization statement saying, "Subscribed and sworn . . . ."

18. Due to the language used in the Fraud Affidavit described in Paragraph 17 and its notarization requirement, consumers' signatures on the Fraud Affidavit were subject to the penalty of perjury.

19. In numerous instances, Citizens automatically denied consumers' billing error notices and unauthorized use claims because those consumers refused to or were unable to complete the Fraud Affidavit described in Paragraph 17.

### Citizens Failed to Refund Finance Charges and Fees on Billing Error Notices and Unauthorized Use Claims

20. Since at least 2010 through December 2015, Citizens failed to consistently refund all charges, including finance charges and fees, when it resolved billing error notices or claims of unauthorized use in consumers' favor.

21. In many cases Citizens failed to refund the full amount due by either mistakenly calculating the amount of finance charges and fees based on the date the dispute was placed in its system of record, as opposed to when the dispute arose, or manually miscalculating finance charges and fees related to transactions that should have been refunded to consumers.

### Citizens Failed to Notify Consumers About Claim Status

22. Since at least 2010 through February 2016, when Citizens's Credit Card Payment Operations Department received billing error notices, it did not consistently send each consumer a written acknowledgement of the claim within 30 days of the Bank's receipt of the claim. Likewise, when the Bank conducted an investigation and found that no billing error had occurred, Citizens did not consistently send each consumer a written notice of denial within two complete billing cycles (or, in any event, no later than 90 days) after receiving the claim.

### Citizens Failed to Provide Credit Counseling Referrals

23. Since at least February 2010 through November 2015, the Bank advised consumers to call a specific toll-free number at the Bank to obtain referrals to credit counseling organizations, but the Bank had no policies or procedures in place to ensure that its employees provided credit counseling information when consumers called the designated phone line.

24. When consumers called the toll-free number, they were routed based on the status of their accounts: consumers whose accounts were in good standing were routed to a general customer service department, and consumers whose accounts were delinquent were routed to the collections department.

## VIOLATIONS OF THE TRUTH IN LENDING ACT

25. TILA, 15 U.S.C. § 1601 *et seq.*, and its implementing Regulation Z, 12 C.F.R. pt. 1026, establish the basic rights, liabilities, and responsibilities of consumers who use credit cards and of financial institutions or other persons that offer or service credit cards.

26. Subject to subtitle B of the CFPA, the Bureau is authorized to enforce TILA under subtitle E of the CFPA with respect to any person subject to TILA. 15 U.S.C. § 1607(a), (a)(6).

27. TILA defines a "creditor" as "a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C. § 1602(g).

28. Citizens is a "creditor" as defined under TILA.

29. Under TILA, "creditors" are liable for their failure to comply with their obligations surrounding billing error notices and unauthorized use claims, and they are liable for failing to provide credit counseling referrals when consumers call a designated toll-free number. 15 U.S.C. §§ 1637, 1643, 1666.

30.     The Bureau therefore may enforce TILA and Regulation Z with respect to Citizens.

## Count I
## (TILA)

*Denying Claims Absent Fraud Affidavits*

31.     The Bureau re-alleges and incorporates by reference Paragraphs 1-19 and 25-30 of this Complaint.

32.     In numerous instances when consumers filed either billing error notices or claims of unauthorized use, Citizens automatically denied the consumers' claims because the consumer failed to comply with requests to provide Fraud Affidavits, including signing the affidavits under penalty of perjury and with a provision agreeing to testify as witnesses.

33.     Citizens's practice of automatically denying billing error claims or claims of unauthorized use for failure of the consumers to provide Fraud Affidavits, including agreeing to testify as witnesses, violated Regulation Z. *See* 12 C.F.R. §§ 1026.12(b) and 1026.13(f) and Comments 12(b)-3 and 13(f)-3.

## Count II
## (CFPA)

*Denying Claims Absent Fraud Affidavits*

34.     The Bureau re-alleges and incorporates by reference Paragraphs 1-19 and 25-30 of this Complaint.

35.     The CFPA defines "enumerated consumer laws" to include TILA. 12 U.S.C. § 5481(12)(O).

36.     Citizens is a "covered person" under the CFPA. 12 U.S.C. § 5481(6)(A).

7

37. Under the CFPA, a covered person's violation of a Federal consumer financial law, which includes enumerated consumer laws and rules thereunder, violates the CFPA.  12 U.S.C. §§ 5536(a)(1)(A), 5481(14).

38. By virtue of its violations of the TILA and Regulation Z, as described in Count I, Citizens violated the CFPA.

## Count III
## (TILA)

*Failing to Refund Finance Charges and Fees When Resolving Billing Error Notices or Claims of Unauthorized Use in Consumers' Favor*

39. The Bureau re-alleges and incorporates by reference Paragraphs 1-14, 20-21, and 25-30 of this Complaint.

40. In numerous instances when consumers filed billing error notices or claims of unauthorized use with Citizens, and the Bank resolved the claims in consumers' favor, Citizens did not refund the full amount due, including finance charges and fees.

41. Citizens's failure to refund related finance charges and fees when it resolved billing error notices or claims of unauthorized use in consumers' favor violated sections 133 and 161 of TILA (15 U.S.C. §§ 1643, 1666) and sections 1026.12(b)(1)(ii) and 1026.13(e)(1) of Regulation Z.

## Count IV
## (CFPA)

*Failing to Refund Finance Charges and Fees When Resolving Billing Error Notices or Claims of Unauthorized Use in Consumers' Favor*

42. The Bureau re-alleges and incorporates by reference Paragraphs 1-14, 20-21, and 25-30 of this Complaint.

43. The CFPA defines "enumerated consumer laws" to include TILA. 12 U.S.C. § 5481(12)(O).

44. Citizens is a "covered person" under the CFPA. 12 U.S.C. § 5481(6)(A).

45. Under the CFPA, a covered person's violation of a Federal consumer financial law, which includes enumerated consumer laws and rules thereunder, violates the CFPA. 12 U.S.C. §§ 5536(a)(1)(A), 5481(14).

46. By virtue of its violations of the TILA and Regulation Z, as described in Count III, Citizens violated the CFPA.

### Count V
### (TILA)

*Failing to Deliver Written Notices of Acknowledgment and Denial to Consumers Who Filed Billing Error Notices*

47. The Bureau re-alleges and incorporates by reference Paragraphs 1-14, 22, and 25-30 of this Complaint.

48. In numerous instances when consumers filed billing error notices, Citizens failed to give consumers written notices of acknowledgement and, if appropriate, written notices of denial.

49. Citizens's practice of failing to provide written notices of acknowledgement or denial in response to billing error notices violated subsections (c)(1) and (f)(1) of section 1026.13 of Regulation Z. 12 C.F.R. § 1026.13(c)(1), (f)(1).

### Count VI
### (CFPA)

*Failing to Deliver Written Notices of Acknowledgment and Denial to Consumers Who Filed Billing Error Notices*

50. The Bureau re-alleges and incorporates by reference Paragraphs 1-14, 22, and 25-30 of this Complaint.

51. The CFPA defines "enumerated consumer laws" to include the TILA. 12 U.S.C. § 5481(12)(O).

52. Citizens is a "covered person" under the CFPA. 12 U.S.C. § 5481(6)(A).

53. Under the CFPA, a covered person's violation of a Federal consumer financial law, which includes enumerated consumer laws and rules thereunder, violates the CFPA. 12 U.S.C. §§ 5536(a)(1)(A), 5481(14).

54. By virtue of its violations of the TILA and Regulation Z, as described in Count V, Citizens violated the CFPA.

## Count VII
## (TILA)

*Failing to Provide Credit Counseling Referrals*

55. The Bureau re-alleges and incorporates by reference Paragraphs 1-14 and 23-30 of this Complaint.

56. In numerous instances when consumers called the toll-free number designated by Citizens for credit counseling referrals, the Bank failed to provide credit counseling referrals.

57. Citizens's practice of failing to provide credit counseling referrals violated section 127 of TILA (15 U.S.C. § 1637) and section 1026.7(b)(12)(iv)(A) of Regulation Z.

## Count VIII
## (CFPA)

*Failing to Provide Credit Counseling Referrals*

58. The Bureau re-alleges and incorporates by reference Paragraphs 1-14 and 23-30 of this Complaint.

59. The CFPA defines "enumerated consumer laws" to include TILA. 12 U.S.C. § 5481(12)(O).

60. Citizens is a "covered person" under the CFPA. 12 U.S.C. § 5481(6)(A).

61. Under the CFPA, a covered person's violation of a Federal consumer financial law, which includes enumerated consumer laws and rules thereunder, violates the CFPA. 12 U.S.C. §§ 5536(a)(1)(A), 5481(14).

62. By virtue of its violations of the TILA and Regulation Z, as described in Count VII, Citizens violated the CFPA.

## **DEMAND FOR RELIEF**

63. Wherefore, the Bureau, pursuant to Sections 1054 and 1055 of the CFPA, 12 U.S.C. §§ 5564 and 5565, and the Court's own equitable powers, requests that the Court:

   a. Permanently enjoin Citizens from committing future violations of the CFPA, TILA, or any other provision of "Federal consumer financial law," as defined by 12 U.S.C. § 5481(14);

   b. Award monetary relief as the Court finds necessary to redress injury to consumers resulting from Citizen's violations of the CFPA and TILA, including but not limited to damages, restitution, and the refund of monies paid;

   c. Order disgorgement against Citizens of any ill-gotten gains;

   d. Award civil money penalties;

   e. Award the costs of bringing this action; and

   f. Award additional relief as the Court may determine to be just and proper.

Dated: January 30, 2020            Respectfully submitted,

Cara Petersen
*Acting Enforcement Director*

Deborah Morris
*Deputy Enforcement Director*

Alusheyi Wheeler
*Assistant Litigation Deputy*

<u>  /s/ Rebeccah Watson                     </u>
Rebeccah Watson (DC #989313)
Charles Eric Mothander (DC #1032539)
*Enforcement Attorneys*
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, DC 20552
Telephone (Watson): 202-435-7895
Telephone (Mothander): 202-435-7321
Fax: 202-435-7722
E-mail: Rebeccah.Watson@cfpb.gov
E-mail: Charles.Mothander@cfpb.gov