## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF RHODE ISLAND

BUREAU OF CONSUMER FINANCIAL
PROTECTION,

                Plaintiff,

     v.

CITIZENS BANK, N.A.,

                Defendant.

Case No. 1:20-cv-00044-WES-LDA

Judge William E. Smith

Magistrate Judge Lincoln D. Almond

Oral Argument Requested (One Hour)

REDACTED COPY

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER PROHIBITING THE DEPOSITIONS NOTICED BY DEFENDANT ON DECEMBER 21, 2022

Geoffrey W. Millsom (#6483)
Brenna Anatone Force (#8555)
Daniel J. Procaccini (#8552)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI  02903-2443
Tel.: (401) 274-7200
Fax: (401) 351-4607
GMillsom@apslaw.com
BForce@apslaw.com
DProcaccini@apslaw.com

Helgi C. Walker, *pro hac vice*
Elizabeth P. Papez, *pro hac vice*
Jacob T. Spencer, *pro hac vice*
Claudia M. Barrett, *pro hac vice*
Brian A. Richman, *pro hac vice*
Zachary B. Copeland, *pro hac vice*
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Tel.: (202) 955-8500
Fax: (202) 467-0539
HWalker@gibsondunn.com
EPapez@gibsondunn.com
JSpencer@gibsondunn.com
CBarrett@gibsondunn.com
BRichman@gibsondunn.com
ZCopeland@gibsondunn.com

*Attorneys for Defendant Citizens Bank, N.A.*

# TABLE OF CONTENTS

**Page**

**INTRODUCTION** ................................................................................................... 1

**BACKGROUND** .................................................................................................... 3

**LEGAL STANDARD** ............................................................................................. 8

**ARGUMENT** .......................................................................................................... 8

    I.    THE BUREAU CANNOT AVOID A DEPOSITION OF MR. GUTIERREZ ABOUT THE BUREAU'S SUPERVISORY EXAMINATION OF CITIZENS ................................................................ 8

    II.    THE BUREAU CANNOT AVOID A DEPOSITION ABOUT CONSUMER COMPLAINTS THE BUREAU PRODUCED ............................ 11

    III.    THE BUREAU CANNOT AVOID A DEPOSITION ABOUT ITS REQUEST FOR CIVIL MONETARY PENALTIES ............................................ 13

        A.    THE "APEX" DOCTRINE IS IRRELEVANT HERE .................................... 14

        B.    THE BUREAU'S REMAINING ARGUMENTS ALSO DO NOT MEET ITS HEAVY BURDEN OF BLOCKING FACTUAL TESTIMONY ABOUT ITS PENALTY DEMANDS ......................................................... 15

**CONCLUSION** ....................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Am. Gen. Life Ins. Co. v. Billard*,
 2010 WL 4367052 (N.D. Iowa Oct. 28, 2010) ..........................................................................6

*Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*,
 235 F.R.D. 435 (N.D. Ill. 2006)...............................................................................................12

*Bolden v. FEMA*,
 2008 WL 482727 (E.D. La. Feb. 19, 2008) .............................................................................15

*Chaney v. Vt. Bread Co.*,
 2022 WL 16757624 (D. Vt. Nov. 8, 2022) ..............................................................................11

*Corvello v. New England Gas Co.*,
 2012 WL 12547377 (D.R.I. Feb. 10, 2012)...........................................................................1, 8

*EEOC v. Doherty Grp., Inc.*,
 2016 WL 6583786 (S.D. Fla. Sept. 14, 2016) .........................................................................10

*Merck & Co. v. Reynolds*,
 559 U.S. 633 (2010).....................................................................................................................5

*Progressive Gaming Int'l, Inc. v. Venturi*,
 2008 WL 11407330 (D.R.I. Oct. 29, 2008)..............................................................................10

*Reis v. Nat'l Passenger R.R. Corp.*,
 2008 WL 11388569 (D.R.I. May 27, 2008) .............................................................................11

*SEC v. Comm. on Ways & Means of the U.S. House of Representatives*,
 161 F. Supp. 3d 199 (S.D.N.Y. 2015)......................................................................................15

*Shoen v. Shoen*,
 5 F.3d 1289 (9th Cir. 1993) ......................................................................................................10

*Sourgoutsis v. U.S. Capitol Police*,
 323 F.R.D. 100 (D.D.C. 2017)..................................................................................................15

*Souza v. R.I. Carpenters' Pension Plan*,
 2006 WL 8456814 (D.R.I. Feb. 16, 2006)..................................................................................8

*Town of Norfolk v. U.S. Army Corps of Eng'rs*,
 968 F.2d 1438 (1st Cir. 1992)...................................................................................................11

*Upjohn Co. v. United States*,
    449 U.S. 383 (1981)............................................................................................................10

**RULES**

Federal Rule of Civil Procedure 26 .........................................................................................6

Federal Rule of Civil Procedure 30 ..................................................................................6, 8, 9

Federal Rule of Civil Procedure 37 ...............................................................................1, 3, 8, 17

Federal Rule of Civil Procedure 56 .........................................................................................3

Citizens Bank, N.A. hereby respectfully opposes Plaintiff Bureau of Consumer Financial Protection's Motion for a Protective Order Prohibiting the Depositions Citizens Noticed on December 21, 2022, ECF No. 73 ("Mot." or "Motion"), and respectfully requests that the Court deny the Motion and award Citizens all relief the Court deems just and proper under Federal Rule of Civil Procedure 37(b).

## INTRODUCTION

"'Prohibiting the taking of depositions is an extraordinary measure' requiring the moving party to meet a 'heavy burden' of showing justifying circumstances." *Corvello v. New England Gas Co.*, 2012 WL 12547377, at *3 (D.R.I. Feb. 10, 2012) (citation omitted). The Bureau's Motion does not cite this standard because the Bureau cannot meet it. Instead, the Bureau misstates the law and record in an effort to excuse its latest discovery violations on grounds that directly contravene the Court's instructions at the January 10, 2023 discovery conference.

At that conference, Citizens informed the Court that the Bureau's Rule 30(b)(6) designee failed to provide properly noticed testimony about three issues the Court expressly authorized for fact discovery in this case: (i) the Bureau's "theory and basis for asserting liability"; (ii) "the basis and calculation of the proposed relief sought"; and (iii) "narrow, reasonable discovery as to whether [the Bureau] knew or should have known of the [B]ank's alleged violations prior to February 23, 2014." Mot. 2 (emphasis omitted) (quoting orders). Citizens also reported the Bureau's refusal to produce any of the three deponents Citizens timely noticed on the issues above after the Bureau's Rule 30(b)(6) designee identified them (or their divisions) as better sources for information that he was not prepared to address.

The Court's instructions to the Bureau were clear: the Bureau must behave like any other litigant and produce witnesses for deposition. In issuing this directive, the Court rejected the Bureau's argument that written discovery from the Bureau is an adequate substitute for deposition

testimony.  As the Court explained, the Bureau "must produce the people" who can speak to the claims, facts, and documents the Bureau has placed in issue in this case because, in the Court's words, "That's litigation."

Consistent with the Court's directives, Citizens asked the Bureau to confirm the noticed January dates (or propose new dates or deponents before the close of fact discovery) for the testimony of: (i) Mr. Robert Gutierrez, the Bureau field manager who conducted the 2015 Supervisory Examination of Citizens the Bureau cites as the factual basis for this case; (ii) a witness from the Consumer Response Division the Bureau's Rule 30(b)(6) designee identified as the proper source of information about the pre-2014 complaint files the Bureau produced about Citizens' card practices; and (iii) a witness from the Bureau's enforcement division who could speak to the facts—including Citizens' cooperation and the nature and impact of the alleged violations—underlying the Bureau's request for a maximum Tier I penalty.  But in blatant disregard of the Court's January 10 instructions, the Bureau refused to provide *any* dates or offer *any* deponents for the fact testimony in issue.  Instead, when Citizens advised that the Bureau's misconduct would require a Rule 37 motion to compel and related relief, the Bureau jumped ahead with the current Motion to block all pending and properly noticed depositions.

The Bureau's meritless and prejudicial approach to these depositions is evident from the Motion's failure to meaningfully address the Court's January 10 instructions, the complementary case law above, the Rule 30(b)(6) transcript, or any authority allowing the discovery obstruction at issue here.  The Motion asserts that further depositions should be "prohibited" because the Bureau has provided Rule 30(b)(6) testimony, and anything that deposition did not address is "privileged" and outside the "proper scope of discovery in this case." Mot. 1.  But these arguments have no support in the law or record.  As detailed below, the Bureau's Rule 30(b) designee was a Bureau enforcement lawyer who was *admittedly unprepared* to answer scores of factual questions

2

even about his two designated topics and the Bureau's own produced complaint files against Citizens, and expressly referred Citizens to other Bureau personnel for information about these facts.  Those personnel are the ones Citizens timely noticed in December, and the Bureau improperly seeks to block in violation of the Court's instructions and settled law.  Other federal courts have admonished the Bureau for disregarding proper discovery process and rejected the Bureau's arguments that "we're the CFPB so we can do what we want," Ex. 1 at 19:5–17, and that Bureau personnel are not subject to depositions, Exs. 2, 3.  This case is no different.  For the reasons herein, Citizens respectfully requests that the Court deny the Motion and order the Bureau to produce the noticed witnesses as well as pay Citizens' fees and costs for this motions practice and the depositions, subject to all further relief that may be appropriate under Rule 37(b)(2)(A)(i)-(v) and Rule 56.

## BACKGROUND

The reason the current dispute has arisen "at the close of the parties' two-year discovery period," Mot. 1, is that the Bureau has spent two years obstructing discovery.  Its disregard for the Court's January 2023 deposition directives is just the latest in a long series of discovery misconduct in violation of the Federal Rules.  In July 2021, the Court ordered the Bureau to log its sweeping and unsubstantiated privilege claims over hundreds of responsive documents.  Text Order (D.R.I. July 30, 2021).  Yet the Bureau waited until after 4 pm today to provide (another) supplemental privilege log, logging on a document-by-document basis 183 emails—many to or from Mr. Gutierrez, whom the Bureau refuses to produce—relating to the 2015 Exam.  *See* Exs. 4, 5.

In March 2022, the Court ruled that Citizens "is entitled to know [the Bureau's] theory and basis for asserting liability against it, and, if [the Bureau] proves liability, the basis and calculation of the proposed relief sought from the Court."  ECF No. 68 at 2–3.  And in June 2022, the Court

granted Citizens' motion to clarify that the Bureau must provide certain discovery relevant to Citizens' limitations defenses to this 2020 suit for conduct the Bureau seeks to penalize from 2010 to 2015.  Specifically, the Court ruled that "the date when the [Bureau] discovered its alleged violations is a relevant area of factual inquiry," and expressly permitted "narrow, reasonable discovery as to whether [the Bureau] knew or should have known of the [B]ank's alleged violations prior to February 23, 2014."  Text Order (D.R.I. June 7, 2022).

   ***2022 Productions and Rule 30(b)(6) Notice.***  The Bureau admits it did not produce documents responsive to the last of the orders above until "August 2022."  Mot. 2.  And it admits that the very next month, "September 2022," Citizens noticed Rule 30(b)(6) testimony on topics that encompassed these productions.  *Id*.  As the Bureau's own quotations of the noticed topics make clear, *all* of the noticed topics relate to the Court-ordered areas of fact discovery above.  *See id*. at 3 (citing topics expressly directed to the Bureau's "supervision, investigation, or knowledge of any acts, practices, or conduct by Citizens that relates to [the Bureau's] claims in this action," and the "factors, evidence, [and] other information" underlying the Bureau's "demand(s) for civil monetary penalties").[1]  Nonetheless, and apparently following its usual discovery playbook, the Bureau's initial response was that Citizens was not entitled to *any* Rule 30(b)(6) deposition whatsoever.  Ex. 7 at 1; *see* Ex. 2 (overruling Bureau's objection to designating any Rule 30(b)(6) witness).  In the spirit of compromise, Citizens offered more than a dozen proposals and clarifications to the noticed topics.  *See* Ex. 7 at 2–5.  But the Bureau rejected virtually all alternatives based (as the Motion now concedes) on sweeping and unsubstantiated objections to

---

[1] Specifically, the notice sought a representative to testify about the conduct alleged in the Bureau's complaint, Ex. 6 at 8–9 (Topics 1, 5, and 8), the Bureau's request for civil monetary penalties, *id.* (Topic 2), the Supervisory Examination and administrative investigation of Citizens that preceded this enforcement action, *id.* at 9–10 (Topics 3 and 12), whether the Bureau identified any ongoing or unremedied harm that would justify its requests for relief, *id.* (Topics 9, 10, and 13), and when the Bureau knew or should have known about the alleged violations, *id.* (Topics 4, 6, 7, and 11).

the topics as seeking "privileged information" and facts "outside the scope of the discovery allowed by the Court."  Mot. 3.

**December 1, 2022 Rule 30(b)(6) Deposition.**   Reserving all rights, and pursuant to the recent Rule 30 amendments encouraging parties to advance discovery through negotiations and specific record evidence before seeking judicial intervention, Citizens took the Bureau's Rule 30(b)(6) deposition on December 1 on the two topics noted on page 4 of the Motion: "1.  The facts supporting the allegations in the Bureau's complaint"; and "2.  The facts related to whether the Bureau discovered the alleged violations prior to February 23, 2014."  Mot. 4; *see Merck & Co. v. Reynolds*, 559 U.S. 633, 648 (2010) (holding that the discovery rule is triggered when the plaintiff knew or reasonably would have known about the challenged conduct).

The Motion and supporting declaration from the Bureau's litigation counsel baldly asserts that the Bureau's Rule 30(b)(6) "witness was prepared," and that Citizens "disregarded the agreed-upon topics."  Mot. 4 & Watson Decl. ¶¶ 10–12.  But the transcript—which the Motion barely cites—speaks for itself.  Notably, the transcript shows that:

- Bureau counsel objected based on privilege 77 times and instructed the witness not to answer on that basis 32 times, *see, e.g.*, Ex. 8 at 71, 91, 248, 312;

- Bureau counsel objected to scope 232 times, *see, e.g.*, Ex. 8 at 114, 234—and, for good measure—the witness repeatedly answered that a question was "not within the scope of the topics" even *absent* a scope objection, *see, e.g.*, *id.* at 46–47, 124;[2]

---

[2] The Bureau's characterization of the Bank's questions as "harassing" is baseless.  Mot. 4.  The question that prompted that complaint was whether the Bureau was withholding any facts that the *Bureau's own Enforcement Manual* instructs the Bureau to disclose because the Bureau ███████████████  ███████████████   Ex. 8 at 313.  That is exactly the question another federal court sanctioned the Bureau for refusing to answer in a deposition.  Ex. 3 at 17 (imposing Rule 37 sanctions in part because "the CFPB's refusal to testify about any exculpatory evidence amounts to a failure to present a knowledgeable witness").  In any event, the law is clear that "questioning of a Rule 30(b)(6) deponent is *not* limited to those subjects identified in the Rule 30(b)(6) notice."  *Am. Gen. Life Ins. Co. v. Billard*, 2010 WL 4367052, at *4 (N.D. Iowa Oct. 28, 2010) (emphasis added) (collecting cases).  And 30(b)(6) testimony is a floor, not a ceiling, on deposition discovery.  A

- Bureau counsel engaged in time-consuming and improper speaking objections, *see*, *e.g.*, Ex. 8 at 33–34, 278–79;

- The witness repeatedly answered questions by reading directly from a "testifying aid," Ex. 9; Ex. 8 at 18 (describing the document as a "testifying aid"), that was prepared by the CFPB's litigation "case team," Ex. 8 at 19; *see*, *e.g.*, *id.* at 164;[3]

- The witness repeatedly admitted he was not prepared to answer questions within the scope of the fact discovery the Court ordered, including questions about the Citizens complaint files the Bureau produced in August 2022, Ex. 8 at 126–29; *see also id.* at 233–35 (unable to answer questions about the relief requested by the Bureau); and

- The witness specifically identified Citizens' 2015 examiner (Robert Gutierrez) and Bureau personnel in Consumer Response and Supervisory Enforcement as individuals potentially capable of answering fact questions about this case that the Rule 30(b) designee could not, *see* Ex. 8 at 16, 23, 154–55, 294–95.

*December 21, 2022 Fact Deposition Notices.* The Bank took the Bureau's designee up on his suggestions. To obtain the testimony the designee failed to provide, Citizens noticed fact depositions for Christopher Johnson (Assistant Director of the Bureau's Office of Consumer Response), ECF No. 74-5, David Bleicken (Deputy Associate Director of the Supervision, Enforcement & Fair Lending Division), ECF No. 74-4, and Mr. Gutierrez, ECF No. 74-6. The Bureau immediately asked Citizens to withdraw the notices, just like it previously asked Citizens to withdraw its Rule 30(b)(6) notice, and threatened to move for a protective order. *See* Ex. 10.

*January 10, 2023 Discovery Conference.* On January 10, 2023, the Bureau asked the Court to allow it to move for a protective order.[4] The Court, after hearing both sides' positions,

---

Rule 30(b)(6) designee "*must testify* about information known or reasonably available to the organization" on noticed topics. Fed. R. Civ. P. 30(b)(6) (emphasis added). But a party can seek additional fact testimony from that witness or others consistent with Rules 26 and 30(b)(1).

[3] The witness admitted he did not prepare this aid himself, but that it was instead prepared for him by the Bureau's litigation "case team members" including "Ms. Watson, Ms. Orleans, [and] Mr. Mothander." Ex. 8 at 18–20.

[4] The Bureau accuses Citizens of "misleading" the Court by stating that the Bank "sought to depose a Bureau 'investigator.'" Mot. 5. The Bank noticed a deposition for Mr. Gutierrez, who oversaw

instructed the parties to confer further about deponents who could provide the fact discovery Citizens requested.  Accordingly, on January 12, the parties had a (seemingly) productive meet-and-confer during which the Bank explained in detail the scope of the testimony it sought in order to assist the Bureau in identifying the appropriate individuals who could provide that fact testimony.  Citizens also asked the Bureau to agree to the Gutierrez deposition given the Court's directives.  The Bureau noted that the discussion was helpful and represented it would respond by early the following week, but refused to agree even to the Gutierrez deposition at that time.  Six days later, instead of responding to Citizens and providing the names of relevant individuals or a date for the Gutierrez deposition, the Bureau—only *after* Citizens sent an email following up—responded that it would not produce anyone for deposition and would instead "be filing a motion for a protective order imminently."  Ex. 11.  Literally one minute later, the Bureau filed its motion for a protective order, apparently having spent the previous week drafting it instead of attempting in good faith to identify the witnesses the parties discussed after the Court conference.  And although the Court ordered the Bureau to "provide Defendant with a document-specific log of legitimately disputed documents" *eighteen months* ago, Text Order (D.R.I. July 30, 2021), the Bureau finally produced a document-by-document log of Mr. Gutierrez's emails *this afternoon*— the day this opposition is due—while offering no explanation why a log covering just 183 emails took so long to prepare.  Citizens reserves all rights to challenge these belated and tactical privilege assertions.

---

the Bureau's examination of Citizens in 2015.  *Id.* at 11.  Most people would call him an investigator.  Moreover, if the Bureau did not believe Mr. Gutierrez was as an "investigator," the Bureau should have informed Citizens at the parties' conferences or at the hearing, instead of attempting to ambush Citizens through a semantics game designed solely to avoid engaging in discovery as a plaintiff should expect to do.

**LEGAL STANDARD**

"'Prohibiting the taking of depositions is an extraordinary measure' requiring the moving party to meet a 'heavy burden' of showing justifying circumstances." *Corvello*, 2012 WL 12547377, at *3 (citation omitted). "Such requests are 'rarely granted.'" *Id.* (citation omitted); *see also Souza v. R.I. Carpenters' Pension Plan*, 2006 WL 8456814, at *1 (D.R.I. Feb. 16, 2006) (same). Rule 30 provides for deposition testimony by corporate designees, who must be prepared to testify on noticed topics, as well as for additional testimony from individual fact witnesses. And Rule 37 provides a range of relief where, as here, a party improperly obstructs deposition discovery.

**ARGUMENT**

**I.      THE BUREAU CANNOT AVOID A DEPOSITION OF MR. GUTIERREZ ABOUT THE BUREAU'S SUPERVISORY EXAMINATION OF CITIZENS.**

The Bureau's Rule 30(b)(6) designee testified that the Bureau is relying "entirely" on information from Citizens—including information the Bank provided during the Supervisory Exam—for the facts underlying its claims for relief. *See, e.g.*, Ex. 8 at 37–38, 68. And although "[t]he facts supporting the allegations in the Bureau's complaint" was one of the two topics on which the Bureau had agreed to prepare their designee, Mot. 4, he was not equipped to provide the fact discovery Citizens sought. Instead, he relied on a "memory aid" prepared by Bureau counsel to answer the Bank's questions, and was unable testify beyond the four corners of that document about the facts supporting the liability and remedy claims in the complaint. *See, e.g.*, Ex. 8 at 164 ("Again, let me just refer as an example to the memory aid and we can sort of put meat on the bone here."); *id.* at 165 ("I'm going back to the memory aid."); *id.* at 225 ("So the factual support for the credit counseling claim is that which is laid out in Exhibit 2, the memory aid."); *id.* at 294 ("I

mean what I can say is really what is in Exhibit 2, so the memory aid underlying facts.").[5]  When asked who at the Bureau could testify about the facts of Citizens' 2015 Exam, the Bureau's designee identified the Field Manager who conducted it, Mr. Gutierrez.  *See*, *e.g.*, *id.* at 294–95. Notably, the designee stated that Mr. Gutierrez would be "in a position to speak to the strengths of Citizens's compliance management system" and other facts that the Bureau's implementing statute and Enforcement Manual identify as relevant to the Bureau's claims and penalty requests here because Mr. Gutierrez "cover[ed] Citizens Bank" during "the relevant period." *Id.*  He also testified that Mr. Gutierrez was the only person (other than attorneys) he spoke with in preparing for his deposition.  *See id.* at 22–23.  And, as the Bureau's long-overdue log of Mr. Gutierrez's emails relating to the 2015 Exam make absolutely clear, he is the person to ask.

The Bureau's efforts to preclude Mr. Gutierrez's deposition on the grounds that the Bureau has already provided the Rule 30(b)(6) testimony above are meritless.  The Federal Rules explicitly *permit* a party to seek Rule 30(b)(1) depositions in addition to Rule 30(b)(6) depositions.  Fed. R. Civ. P. 30(b)(6).  And the additional deposition is necessary here precisely because the Bureau's Rule 30(b)(6) designee was *not* prepared to answer questions about the 2015 Exam facts that allegedly support the Bureau's liability and penalty claims in this case.

The Bureau's attempt to block Mr. Gutierrez's properly noticed deposition because the Bureau already made "written discovery" available, Mot. 11–12, is also unavailing.  As the Court noted on January 10, written discovery responses are no substitute for depositions, which provide the opportunity to ask questions *about* the documents produced and "probe the deponent's responses and pursue any meaningful follow-up questioning." *Progressive Gaming Int'l, Inc. v.*

---

[5] The witness's reliance on a memory aid appears to be part of the Bureau's standard discovery playbook.  *See* Ex. 3 at 14–15 ("Based on the transcripts, it is clear that the CFPB's witness was not prepared to answer follow-up questions or to stray from the memory aids in any way.").

*Venturi*, 2008 WL 11407330, at *1 (D.R.I. Oct. 29, 2008); Ex. 2 at 3 ("[F]actual matters are subject to inquiry even if those matters have been disclosed in interrogatory responses."); *EEOC v. Doherty Grp., Inc.*, 2016 WL 6583786, at *2 (S.D. Fla. Sept. 14, 2016) ("Depositions and written discovery responses serve different purposes, and parties often propound written discovery and seek deposition testimony on the same important issues in a case.").  "Only by examining a witness live can a lawyer use the skills of his trade to plumb the depths of a witness' recollection, using to [his] advantage not only what a witness may have admitted in answering interrogatories, but also any new tidbits that usually come out in the course of answering carefully framed and pin-pointed deposition questions."  *Shoen v. Shoen*, 5 F.3d 1289, 1297 (9th Cir. 1993); Ex. 3 at 14 ("[T]he Court repeatedly emphasized the importance of the witness's ability to provide a 'human touch' by responding to Defendants' follow-up questions.").  For all of these reasons, Bureau counsel's written discovery provides no basis for a protective order against any of the fact depositions Citizens timely noticed in December, including and particularly for testimony from Mr. Gutierrez.

The Bureau's unsupported assertion that this (or other) depositions should nonetheless be blocked in their entirely on "privilege" grounds is also baseless.  *See* Mot. 12–13 & n.7.  Any valid privilege concerns are premature at best.  Citizens seeks the *factual* basis for the Bureau's conclusions in the Supervisory Exam, and neither the attorney-client privilege nor the deliberative process privilege protect facts from disclosure.  *See Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) ("The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney."); *Town of Norfolk v. U.S. Army Corps of Eng'rs*, 968 F.2d 1438, 1458 (1st Cir. 1992) ("factual information . . . is not protected by the privilege").  And to the extent the Bureau fears that the Bank's questions will elicit privileged information, a protective order is unwarranted because the Bureau can address any such concerns by making proper objections "on a question-by-question

basis at the time of the deposition." *Chaney v. Vt. Bread Co.*, 2022 WL 16757624, at *4 (D. Vt. Nov. 8, 2022); Ex. 2 at 1–3 (rejecting Bureau's argument that deposition notice was improper because defendant purportedly sought privileged information). That is especially true here, because the Bureau has already waived any privilege objections to testimony concerning the topics covered by the "memory aid," Ex. 9, it voluntarily introduced as an exhibit to its Rule 30(b)(6) testimony, *see Reis v. Nat'l Passenger R.R. Corp.*, 2008 WL 11388569, at *5–6 (D.R.I. May 27, 2008) ("partial disclosure" of privileged communications on "material issue" waives privilege on same topic).

Finally, the Bureau incorrectly asserts that Citizens "is seeking Mr. Gutierrez's personal view of the Bureau's 2015 Exam findings." Mot. 12. Not so. Citizens intends to inquire about the *facts* underlying the 2015 Exam, as well as the facts in the December 2018 Examination Report from the Bureau, that the Bureau's Rule 30(b)(6) designee was not prepared to address. *See*, *e.g.*, Ex. 8 at 293–94 ("I'm not in a position to testify on whether or not Citizens has a strong compliance management system" and identifying Mr. Gutierrez as among "the personnel most likely to have knowledge on that."). These facts and documents are plainly relevant and proportional to this case. The Bureau has testified that they provide the basis for its liability claims against Citizens. *See id.* at 37–38, 68. And facts about Citizens' cooperation and compliance management system, the technical nature of the alleged violations, and the degree of consumer impact are all facts that are directly relevant to the Bureau's maximum Tier I penalty demand under the CFPA and the Bureau's own Enforcement Manual.

## II. THE BUREAU CANNOT AVOID A DEPOSITION ABOUT CONSUMER COMPLAINTS THE BUREAU PRODUCED.

The Bureau also cannot avoid a deposition about several consumer complaints predating 2014 that may have put the Bureau on notice of the conduct at issue in this suit before the Bank self-reported it. This "narrow" and "reasonable" discovery goes to whether the Bureau "knew or

should have known of the [B]ank's alleged violations prior to February 23, 2014."  Text Order (D.R.I. June 7, 2022) (emphasis omitted).

The Bureau states in its Motion that it has "not identified any evidence" that the complaints "were subject to any of the violations alleged in the Bureau's Complaint."  Mot. 10–11.  But that is exactly the topic about which Citizens intends to depose Mr. Johnson, or a person with knowledge in his department.  When the Bureau's Rule 30(b)(6) representative was asked whether the Bureau "received a complaint from a consumer about Citizens's denial of a credit card claim for failure to return a fraud affidavit," the representative admitted that he was "not really steeped in the consumer response processes."  Ex. 8 at 115.  Indeed, he could not answer basic questions about how the Bureau handles consumer complaints, *see id.* at 128–34, and later testified that the *Associate Director of Consumer Response* would be "as good a resource as any" to answer such questions, *id.* at 154–55.  As the *Associate Director of Consumer Response*, Mr. Johnson appears to be the correct person for Citizens to depose on these issues.

Nor can the Bureau's lawyers avoid a deposition simply by stating that they have "not identified" evidence that the complaints the Bureau produced relate to the card practices at issue in this lawsuit.  Mot. 10.  "In the context of a motion for protective order . . . the *ipse dixit* of counsel will not suffice" to justify blocking timely discovery.  *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 440 (N.D. Ill. 2006).  The Bureau's consumer complaints, moreover, appear on their face to relate to the conduct alleged in this case.  Notably, one of the complaints from 2011 that Citizens asked about in the Rule 30(b)(6) deposition mentions ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Ex. 12 at 4, which is the subject of multiple claims in this action, *see* Compl. ¶¶ 31–38.  The Bureau produced these documents, and cannot avoid answering questions about them by blocking testimony by the very witnesses its own Rule 30(b) designee identified as knowledgeable parties.

III.    **THE BUREAU CANNOT AVOID A DEPOSITION ABOUT ITS REQUEST FOR CIVIL MONETARY PENALTIES.**

The Bureau seeks $38 million in civil penalties, Ex. 13 at 3–4, but its Rule 30(b)(6) deponent was unable to answer basic questions about the factual support for that request. The transcript from the Rule 30(b)(6) deposition demonstrates that the deponent refused to disclose the factual basis for its request for relief in this action:

> **Q.    Does the fact that relief is available in the U.S. Code mean it's justified in a particular case?**
>
> MS. WATSON: Objection. Scope. Calls for a legal conclusion.
>
> A.    Yeah, that's not—I don't have an opinion on that.
>
> **Q.    You don't in your position as an enforcement manager in the Bureau?**
>
> A.    No. Not every remedy is applicable in every case.
>
> **Q.    Okay. That's what I'm trying to get at. Here we are in a real lawsuit where you have to put up real facts to seek actual relief against the bank, which is [a] very real business.**
>
> **And so I don't want to know what's available in the U.S. code. I would like to know from you, the Bureau, what portion of this available relief are you actually seeking in this case and what's the factual basis for seeking that relief? That's what we are trying to get at here.**
>
> MS. WATSON: Objection. Compound. Scope. Calls for a legal conclusion.
>
> A.    Yeah, I'm here to testif[y] to the factual underpinnings of the Bureau's claims, not the demand for relief. So I don't really have an answer in my 30(b)(6) for you.

Ex. 8 at 233–34.

Citizens has a right to depose a Bureau witness who can provide answers about whether the *facts of this case* support the maximum Tier I penalty the Bureau seeks. The Bureau does not dispute that discovery into the factual basis for the Bureau's civil monetary penalties is relevant. Nor could it, because the Court has already held that Citizens is entitled to discover "the basis and calculation of the proposed relief," ECF No. 68 at 2–3, which plainly encompasses the Bureau's request for penalties, Compl. ¶ 63(d). And the Bureau's Rule 30(b)(6) witness agreed that "the

Bureau doesn't have to seek the maximum penalty available under the statute," Ex. 8 at 245; that "the CFPA requires that a court consider . . . mitigating factors," *id.* at 246; and that the Bureau's Enforcement Manual sets forth factual criteria for █████████████████████████████ *id.* at 291.  Citizens asked the Bureau's Rule 30(b) designee to identify the facts in this case that would support a maximum Tier I penalty under the factual criteria ████████████████████ ██████████████████ identified in the statute and the Bureau's own Enforcement Manual. *See id.* at 291–312.  But the designee could not answer these questions, and referred Citizens to someone in the Supervision, Enforcement & Fair Lending Division, *id.* at 294, so Citizens promptly noticed Mr. Bleicken—the Deputy Associate Director of that Division—and, pursuant to the Court's instructions on January 10, asked the Bureau to confirm dates for him or another Bureau employee who could speak to factual bases for the Bureau's penalty request in this case.

## A.    The "Apex" Doctrine Is Irrelevant Here.

The Bureau incorrectly argues that Mr. Bleicken cannot be deposed because he is a "[h]igh-ranking" government official.  Mot. 6–7.  But Citizens does not insist on deposing Mr. Bleicken himself.  Citizens simply seeks testimony about the facts underlying the Bureau's request for civil monetary penalties, and specifically the facts that the Bureau's Enforcement Manual identifies as relevant to the calculation of civil monetary penalties.  And even if Citizens were seeking to depose Mr. Bleicken specifically, the "apex" doctrine would not apply because he is not a high-ranking government official for purposes of that doctrine.

The "high-ranking official" designation "has generally only been applied to government officials who are at the apex of their organization."  *SEC v. Comm. on Ways & Means of the U.S. House of Representatives*, 161 F. Supp. 3d 199, 250 (S.D.N.Y. 2015) (collecting cases); *Sourgoutsis v. U.S. Capitol Police*, 323 F.R.D. 100, 115 n.7 (D.D.C. 2017) (explaining that "[m]ost cases applying this rule involve agency heads").  Mr. Bleicken is not at the apex of the Bureau.

Indeed, as the *Deputy* Associate Director of the Supervision, Enforcement & Fair Lending Division, he is not even at the apex of his own subsection of the Bureau.  *See* Ex. 14; *see, e.g.*, *Bolden v. FEMA*, 2008 WL 482727, at *2 (E.D. La. Feb. 19, 2008) (holding that the director of "one [of] FEMA's many sections" did not qualify as a "high government official").

### B.   The Bureau's Remaining Arguments Also Do Not Meet Its Heavy Burden Of Blocking Factual Testimony About Its Penalty Demands.

For the reasons provided in Part I above, the Bureau's "written discovery" and "privilege" arguments, Mot. 1–2, 7–8, do not justify blocking testimony from an enforcement deponent just as they do not justify blocking testimony for Mr. Gutierrez.  As the Rule 30(b) transcript makes clear, Citizens seeks information about the facts supporting the penalty request here.  *See* Ex. 8 at 233–34, 299–313.  Citizens does *not* seek allegedly privileged information about "how Bureau attorneys analyzed and applied the [statutory civil penalty] factors" "during internal deliberations." Mot. 8.  And to the extent the Bureau has not already waived privilege by introducing attorney work product as a Rule 30(b)(6) exhibit, it can handle any privilege claims during the noticed depositions.  That is why other courts have overruled its requests to block depositions in their entirety due to unspecified privilege concerns.  *See* Ex. 2 at 1–2.  The Bureau's motion is especially improper here because it admittedly seeks to prevent Citizens from asking questions about one of the few Bureau documents that has been produced in this action—the Bureau's Enforcement Manual.  Ex. 15.  Contrary to the Bureau's unsupported assertions, Mot. 9, questions about the Enforcement Manual are relevant here because the Bureau produced the Manual as support for its claims and remedies, and the Manual discusses ███████████████████████████████ ██████████████████████████████████.  *See* Ex. 15 at 121–24.  For example, the Enforcement Manual  explains  that, ████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ *Id.* at 124.  Citizens asked the Bureau's Rule 30(b) designee what facts in the record here support the

Bureau's demand for a maximum Tier I penalty.  But the Bureau's Rule 30(b)(6) deponent could not answer those questions, or even say what facts would qualify as a ██████████████  Ex. 8 at 299–303.  Citizens is entitled to this information so that it can defend its position that the Bureau's request for a penalty at the top of the Tier I range is factually unsupported under the CFPA and the Bureau's own Manual.  *See* ECF No. 68 at 2–3 (granting Citizens the right to discovery about "the basis and calculation of the proposed relief sought").

Such fact testimony does not require Citizens to "depose Bureau investigation counsel" or "trial counsel," Mot. 10, even though that is exactly the testimony the Bureau placed in issue when it produced an enforcement lawyer as a Rule 30(b)(6) designee and had him read trial counsel's work product into the case record.  Ex. 9.  Citizens noticed Mr. Bleicken, or the person in his department with the relevant factual knowledge.  And whether or not such witnesses are part of Bureau "management," Mot. 10, the Bureau has provided no reason to conclude that *all* questions to them would violate legal privileges.  *Supra* Argument I (collecting cases).  The Bureau produced the Enforcement Manual and must answer questions about it in relation to the facts supporting its penalty claims in this case.

## CONCLUSION

The Bureau filed this case in federal court and must now participate in discovery according to the usual rules that govern other litigants.  The Court should deny the Bureau's motion and order the Bureau to produce Mr. Gutierrez and appropriate witnesses from Consumer Response and the Enforcement Division for deposition.  In addition, the Court should award Citizens all relief the Court deems just and proper under Federal Rule of Civil Procedure 37(b).  *See generally* Ex. 3 (awarding Rule 37 sanctions against the Bureau).

Respectfully submitted,

Dated:   February 1, 2023

/s/ Geoffrey W. Millsom

Geoffrey W. Millsom (#6483)
Brenna Anatone Force (#8555)
Daniel J. Procaccini (#8552)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI  02903-2443
Tel.: (401) 274-7200
Fax: (401) 351-4607
GMillsom@apslaw.com
BForce@apslaw.com
DProcaccini@apslaw.com

/s/ Elizabeth P. Papez

Helgi C. Walker, *pro hac vice*
Elizabeth P. Papez, *pro hac vice*
Jacob T. Spencer, *pro hac vice*
Claudia M. Barrett, *pro hac vice*
Brian A. Richman, *pro hac vice*
Zachary B. Copeland, *pro hac vice*
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Tel.: (202) 955-8500
Fax: (202) 467-0539
HWalker@gibsondunn.com
EPapez@gibsondunn.com
JSpencer@gibsondunn.com
CBarrett@gibsondunn.com
BRichman@gibsondunn.com
ZCopeland@gibsondunn.com

*Attorneys for Defendant Citizens Bank, N.A.*

17