UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Bureau of Consumer Financial Protection,<br><br>    Plaintiff,<br><br>    v.<br><br>Citizens Bank, N.A.,<br><br>    Defendant. | Case No. 1:20-cv-00044-WES-LDA<br><br>**STIPULATED FINAL JUDGMENT AND ORDER** |

The Consumer Financial Protection Bureau (Bureau) commenced this civil action on January 30, 2020, to obtain injunctive and monetary relief and civil penalties from Citizens Bank, N.A. (Citizens). The Complaint alleges violations of the Truth in Lending Act (TILA), 15 U.S.C. §§ 1637, 1643, 1666, Regulation Z, 12 C.F.R. Part 1026, and Section 1036(a) of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. § 5536(a)(1)(A), in connection with Citizens' alleged failure to: reasonably investigate and appropriately resolve billing error notices and claims of unauthorized use by automatically denying such claims for failure to return a fraud affidavit; credit consumers' accounts for fees and finance charges when unauthorized use and billing errors occurred; provide consumers with required acknowledgment and denial notices regarding billing error notices; and disclose required credit counseling information to consumers when consumers called the toll-free number designated for such purpose.

The Bureau and Citizens agree to entry of this Stipulated Final Judgment and Order (Order), without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint.

## FINDINGS

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Citizens neither admits nor denies the allegations in the Complaint, except as specified in this Order. For purposes of this Order, Citizens admits the facts necessary to establish the Court's jurisdiction over the parties and the subject matter of this action.

3. Citizens waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each Party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

4. Entry of this Order is in the public interest.

## DEFINITIONS

5. The following definitions apply to this Order:

    a. "Board" means Citizens' duly-elected and acting Board of Directors, or a committee thereof.

    b. "Citizens" means Citizens Bank, N.A., and its successors and assigns.

    c. "Complaint" means the complaint the Bureau filed against Citizens Bank, N.A. on January 30, 2020, to commence this civil action.

    d. "Effective Date" means the date on which the Order is entered by the Court. Calculation of time limitations will run from the Effective Date and be based on calendar days, unless otherwise expressly noted.

    e. "Regional Director" means the Regional Director for the Northeast Region for the Office of Supervision for the Consumer Financial Protection Bureau, or his or her delegate.

  f. "Related Consumer Action" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against Citizens based on substantially the same facts as described in the Complaint.

## CONDUCT PROVISIONS

## I

## Prohibited Conduct

**IT IS ORDERED** that:

  6. Citizens and its officers, agents, servants, employees, and attorneys who have actual notice of this Order, whether acting directly or indirectly, may not violate TILA, 15 U.S.C. §§ 1637, 1643, and 1666; Regulation Z, 12 C.F.R. §§ 1026.7(b)(12)(iv)(A), 1026.12(b), and 1026.13(c)(1)-(2), (e)(1), (f); and Section 1036(a) of the CFPA, 12 U.S.C. § 5536(a)(1)(A), by automatically denying billing error notices and claims of unauthorized use for failure to provide a fraud affidavit signed under penalty of perjury; failing to credit reimbursable fees and finance charges to consumers' accounts when unauthorized use and billing errors occur; failing to provide consumers with required acknowledgment and denial notices upon receipt or resolution of billing error notices; and failing to provide required credit counseling information to consumers who call the toll-free number designated for such purpose.

## II

## Affirmative Requirements Relating to Citizens' Credit Card Account Management Program

**IT IS FURTHER ORDERED** that:

7. Citizens and its officers, agents, servants, employees, and attorneys who have actual notice of this Order, whether acting directly or indirectly, must take the following affirmative actions:

   a. Maintain policies and procedures designed to ensure that the treatment, handling, and resolution of billing error notices and unauthorized use claims are in accordance with TILA, 15 U.S.C. §§ 1637(b), 1643, and 1666; Regulation Z, 12 C.F.R. §§ 1026.7(b)(12)(iv)(A), 1026.12(b), and 1026.13(c)(1)-(2), (e)(1), (f); and Official Interpretations, 12 C.F.R. pt. 1026, Supp. I, Comments 12(b)-3 and 13(f)-3;

   b. Continue to prohibit Citizens' employees from requiring consumers to complete, in support of a credit card claim, a fraud affidavit containing language requiring the consumer to submit the affidavit under penalty of perjury;

   c. Maintain procedures designed to ensure that, when billing error notices and unauthorized use claims are found to be valid, any fees or finance charges to be refunded to consumers are calculated from the date of the error or unauthorized use;

   d. Maintain procedures designed to ensure that consumers who call Citizens' toll-free number seeking credit counseling are given at least three referrals to credit counseling services in the state in which the billing address for the account is located or the state specified by the consumer, as required under 12 C.F.R. § 1026.7(b)(12)(iv)(A); and

   e. Maintain policies and procedures to test Citizens' compliance with TILA, 15 U.S.C. §§ 1637(b), 1643, and 1666; Regulation Z, 12 C.F.R. §§ 1026.7(b)(12)(iv)(A), 1026.12(b), and 1026.13(c)(1)-(2), (e)(1), (f); and

4

>       Official Interpretations, 12 C.F.R. pt. 1026, Supp. I, Comments 12(b)-3
>       and 13(f)-3.

## III

## Compliance Plan

**IT IS FURTHER ORDERED** that:

8.  Within 60 days of the Effective Date, Citizens must create and implement a comprehensive compliance plan designed to ensure that Citizens' credit card account management complies with TILA, 15 U.S.C. §§ 1637(b), 1643, and 1666; Regulation Z, 12 C.F.R. §§ 1026.7(b)(12)(iv)(A), 1026.12(b), and 1026.13(c)(1)-(2), (e)(1), (f); and Official Interpretations, 12 C.F.R. pt. 1026, Supp. I, Comments 12(b)-3 and 13(f)-3, and the terms of this Order (Compliance Plan). The Compliance Plan must include, at a minimum:

    a.  Detailed steps for addressing each action required by this Order;
    b.  A mechanism to ensure that the Board is kept apprised of the status of compliance actions;
    c.  Specific timeframes and deadlines for implementation of the steps described above.

Citizens will provide the Compliance Plan to the Bureau upon request.

## IV

## Role of the Board

**IT IS FURTHER ORDERED** that:

9.  Citizens' Board will have the ultimate responsibility for proper and sound management of Citizens and for ensuring that Citizens complies with this Order.

10. Citizens' Board and Chief Executive Officer must review all plans and reports required by this Order, and any submissions to the Bureau prior to such submission.

11. One year after the Effective Date, Citizens must submit to the Regional Director a written compliance progress report (Compliance Report) that has been approved by the Board, the accuracy of which is sworn to under penalty of perjury, and which, at a minimum:

    a. Describes the steps that Citizens' Board has taken to reasonably assess whether Citizens is complying with the Compliance Plan and each applicable paragraph and subparagraph of the Order;

    b. Describes in detail whether and how Citizens has complied with the Compliance Plan and each applicable paragraph and subparagraph of the Order, including the manner of verification of such compliance and any corrective actions taken to remedy potential noncompliance with the applicable requirement, paragraph, or subparagraph; and

    c. Attaches a copy of each Order Acknowledgment obtained under Section VII, unless previously submitted to the Bureau.

12. Citizens' Board shall:

    a. Authorize whatever actions are necessary for Citizens to assess whether Citizens is complying with the Compliance Plan, and each applicable paragraph and subparagraph of the Order;

    b. Authorize whatever actions, including corrective actions, are necessary for Citizens to fully comply with the Compliance Plan, and each applicable paragraph and subparagraph of the Order; and

    c. Require timely reporting by management to Citizens' Board and Chief Executive Officer on the status of compliance obligations.

## MONETARY PROVISIONS

## V

## Order to Pay Civil Money Penalty

**IT IS FURTHER ORDERED** that:

13. Under Section 1055(c) of the CFPA, 12 U.S.C. § 5565(c), by reason of the violations of law alleged in the Complaint, which Citizens neither admits nor denies except as specified in paragraph 2, Citizens must pay a civil money penalty of $9 million to the Bureau.

14. Within 10 days of the Effective Date, Citizens shall pay the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

15. The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by Section 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

16. Citizens shall treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, Citizens may not:

    a. Claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

    b. Seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

17. In the event of any default on Citizens' obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any

7

outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

18. Citizens relinquishes all dominion, control, and title to the funds paid under this Order to the fullest extent permitted by law and no part of the funds may be returned to Citizens.

19. The facts alleged in the Complaint will be taken as true and be given collateral estoppel effect, without further proof, in any subsequent action by the Bureau to enforce the Order or its rights to any payment or monetary judgment under the Order.

20. Under 31 U.S.C. § 7701, Citizens, unless it already has done so, must furnish to the Bureau its taxpayer-identification numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

21. Within 30 days of the entry of a final judgment, order, or settlement in a Related Consumer Action, Citizens must notify the Regional Director of the final judgment, order, or settlement in writing. That notification must indicate the amount of redress, if any, that Citizens paid or is required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid. To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Citizens may not argue that Citizens is entitled to, nor may Citizens benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action or because of any payment that the Bureau makes from the Civil Penalty Fund. If the court in any Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against Citizens based on the civil money penalty paid in this action or based on any payment that the Bureau makes from the Civil Penalty Fund, Citizens must, within 30 days after entry of a final order granting such offset or reduction, notify the Bureau and

8

pay the amount of the offset or reduction to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

## COMPLIANCE PROVISIONS

## VI

## Reporting Requirements

**IT IS FURTHER ORDERED** that:

22. Citizens must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against Citizens; or a change in Citizens' name or address. Citizens must provide this notice at least 30 days before the development or as soon as practicable after the learning about the development, whichever is sooner.

23. Within 7 days of the Effective Date, Citizens must:
    a. Designate at least one telephone number and email, physical, and postal addresses as points of contact that the Bureau may use to communicate with Citizens; and
    b. Identify all businesses for which Citizens is the majority owner, or that Citizens directly or indirectly controls, by all of their names, telephone numbers, and physical, postal, email, and Internet addresses.

24. Citizens must report any change in the information required to be submitted under Paragraph 23 at least 30 days before the change or as soon as practicable after learning about the change, whichever is sooner.

## VII

## Order Distribution and Acknowledgment

**IT IS FURTHER ORDERED** that:

25.    Within 7 days of the Effective Date, Citizens must submit to the Regional Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

26.    Within 30 days of the Effective Date, Citizens must deliver a copy of this Order to each of its Board members, executive officers and managers, including front-line managers, who have responsibilities related to the subject matter of the Order.

27.    For 5 years from the Effective Date, Citizens must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section VI, any future Board members, executive officers and managers, including front-line managers, who will have responsibilities related to the subject matter of the Order, before they assume their responsibilities.

28.    Citizens must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. §§ 7001-7006, within 30 days of delivery, from all persons receiving a copy of this Order under this Section.

29.    Ninety days from the Effective Date, Citizens must submit to the Bureau a list of all persons and their titles to whom this Order has been delivered under the Section of this Order titled "Order Distribution and Acknowledgment" and a copy of all signed and dated statements acknowledging receipt of this Order under Paragraph 28.

## VIII

## Recordkeeping

**IT IS FURTHER ORDERED** that:

30.    Citizens must create, for at least 5 years from the Effective Date, the following business records: All documents and records necessary to demonstrate full

compliance with each provision of this Order, including all submissions to the Bureau. Citizens must retain these documents for at least 5 years after creation and make them available to the Bureau upon the Bureau's request.

## IX

## Notices

**IT IS FURTHER ORDERED** that:

31.     Unless otherwise directed in writing by the Bureau, Citizens must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*CFPB v.* Citizens Bank, N.A., Case No. 1:20-cv-00044," and send them by email to Enforcement_Compliance@cfpb.gov.

## X

## Compliance Monitoring

**IT IS FURTHER ORDERED** that:

32.  Within 14 days of receipt of a written request from the Bureau, Citizens must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; provide sworn testimony; or produce documents.

33.     Citizens must permit Bureau representatives to interview any employee or other person affiliated with Citizens who has agreed to such an interview regarding: (a) this matter; (b) anything related to or associated with the conduct described in the Complaint; or (c) compliance with this Order. The person interviewed may have counsel present.

34.     Nothing in this Order will limit the Bureau's lawful use of compulsory process, under 12 C.F.R. § 1080.6.

## XI

## Transfer or Assignment of Operations

**IT IS FURTHER ORDERED** that:

35. Should Citizens seek to transfer or assign all or part of its operations that are subject to this Order, Citizens must, as a condition of sale, obtain the written agreement of the transferee or assignee to comply with all applicable provisions of this Order.

## XII
## Retention of Jurisdiction

**IT IS FURTHER ORDERED** that:

36. All pending motions are hereby denied as moot. The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

**IT IS SO ORDERED**.

DATED this __23__ day of _____May_____, 2023.

_____
Honorable William E. Smith
United States District Court Judge